UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02416-DOC-ADSx                     Date: February 28, 2021

Title: ALVIN MACIAS v. LG CHEM LTD., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING DEFENDANT'S MOTION TO DISMISS [7] AND GRANTING PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY

Before the Court is a Motion to Dismiss ("Motion") (Dkt. 7) brought by Defendant LG Chem America, Inc. ("LGCAI"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.

Having reviewed the moving papers submitted by the parties, the Court now DENIES LGCAI's Motion.

I.  **Background**

   A.  **Facts**

Unless otherwise stated, the following facts are drawn from Plaintiff Alvin Macias' ("Plaintiff") Complaint ("Compl.") (Dkt. 1-1). Plaintiff is a resident of County of Orange, California. Compl. ¶ 6. On October 18, 2019, Plaintiff suffered first, second, and third-degree burns on his body after two 18650 lithium-ion batteries ("Batteries") used to power Plaintiff's e-cigarette exploded in Plaintiff's pant pocket. *Id.* ¶ 29.

LGCAI is a Delaware corporation with its principal place of business in Atlanta, Georgia. *Id.* ¶ 19. Although Plaintiff alleges that LGCAI has a "principal business office" and/or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02416-DOC-ADSx            Date: February 28, 2021

Page 2

"principal place of business" in San Jose, California, LGCAI avers that its principal place of business is located in Atlanta, Georgia, and its President and Chief Financial Officer both live and work in the State of Georgia. Declaration of Hyunsoo Kim ("Kim Decl.") ¶¶ 6-7. LGCAI does "not have any manufacturing plants, and it focuses on sales and distribution only." Kim Decl. ¶ 8.

Plaintiff alleges that one of the two batteries that exploded was manufactured and/or distributed by LGCAI. Compl. ¶ 29. Defendants in their declarations both provide that they have "never designed, manufactured, distributed, advertised, or sold any lithium ion cell for use by individual consumers as standalone, removable, rechargeable batteries in electronic cigarette or vaping devices." Kim Decl. ¶ 9. LGCAI also specifically avers that it "never authorized any manufacturer, distributor, wholesaler, retailer, re-seller, or other individual or entity to advertise, distribute, or sell LG 18650 lithium-ion cells for use by individual consumers as standalone, removable batteries in e-cigarette devices or for any other purpose." Kim Decl. ¶¶ 11-12.

### B. Procedural History

Plaintiff filed his Complaint (Dkt. 1) on May 26, 2020. The Complaint alleged strict products liability, negligent products liability, and negligence. *See generally* Compl. Defendants removed the action to this Court on December 23, 2020. Notice of Removal (Dkt. 1).

LGCAI filed the instant Motion on December 30, 2020. Plaintiff filed its Opposition (Opp'n.) (Dkt. 10) on January 11, 2021, and LGCAI submitted a Reply (Dkt. 13) on January 19, 2021.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(2), defendants may move to dismiss for lack of personal jurisdiction. While the plaintiff bears the burden of showing that the Court has personal jurisdiction over the defendant, the court "resolves all disputed facts in favor of the plaintiff." *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quotation marks and citation omitted). The Court may consider evidence presented in affidavits and declarations in determining personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); *but see Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) ("When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." (citations omitted)). "The plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation marks and citation omitted). "The Court may not assume the truth of allegations that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02416-DOC-ADSx            Date: February 28, 2021

Page 3

are contradicted by affidavit." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1008 (N.D. Cal. 2014) (citing *Data Disc, Inc.*, 557 F.2d at 1284).

There are two limitations that restrict a court's power to exercise personal jurisdiction over a nonresident defendant: the constitutional principles of due process and the applicable state personal jurisdiction rule. *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990). The Ninth Circuit has held that because California's personal jurisdiction rule is "coextensive with the outer limits of due process," personal jurisdiction inquiries under California law are constrained solely by constitutional principles. *Id.* at 1361; Cal. Civ. Proc. Code § 410.10.

The Supreme Court has held that constitutional due process requires that a nonresident defendant have sufficient "minimum contacts" with the forum state "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In applying the minimum contacts analysis, a court may exercise either general or specific jurisdiction over a 12(b)(2), defendants may move to dismiss for lack of nonresident defendant. *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001), *abrogated on other grounds by Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). When the defendant's activities in the forum state are substantial, continuous and systematic, a court may exercise general jurisdiction over the defendant, even if the cause of action is unrelated to defendant's contacts with the forum. *Id.* at 923. A defendant may also be subject to specific jurisdiction if the defendant "has sufficient contacts with the forum state in relation to the cause of action." *Sher*, 911 F.2d at 1361 (citations omitted).

### III. Discussion

#### A. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. at 127, 134 S.Ct. 746 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011)). "The paradigm forums in which a corporate defendant is at home, are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558, 198 L.Ed.2d 36 (2017) (citing *Daimler*, 571 U.S. at 137, 134 S.Ct. 746 and *Goodyear*, 564 U.S. at 924, 131 S.Ct. 2846) (internal citations omitted). The general jurisdiction inquiry "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Daimler*, 571 U.S. at 139 n.20, 134 S.Ct. 746. Only in an "exceptional case" can a corporation's contacts in another state "be so substantial and of such a nature as to render the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02416-DOC-ADSx    Date: February 28, 2021

Page 4

corporation at home in that State," regardless of its incorporation or principle place of business. *Id.*

LGCAI is incorporated in Delaware. Kim Decl. ¶ 3. Plaintiff alleges that LGCAI "has voluntarily designated a 'principal business office in California.'" Compl. ¶ 19. However, LGCAI avers, and Plaintiff does not contest, that its headquarters are in fact in Atlanta, Georgia. Kim Decl. ¶ 3. Plaintiff does not allege any other substantial contacts of LGCAI with California to support an exceptional finding. Accordingly, there is no general jurisdiction over LGC America in California.

### B. Specific Jurisdiction

The Ninth Circuit has established a three prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

The plaintiff bears the burden of satisfying the first two prongs, and only thereafter is the notion of fair play and substantial justice examined. *See id*.

### 1. Purposeful Availment

The first prong of the test encompasses both purposeful direction and purposeful availment, which are "two distinct concepts." *Id.* Purposeful direction, which is analyzed under the *Calder* "effects" test, is limited to claims of intentional tort. *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450 (9th Cir. 2007); *see Calder v. Jones*, 465 U.S. 783, 789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (distinguishing between intentional action and "mere untargeted negligence"). Because plaintiff's action is based upon strict products liability, negligent products liability, and negligence (*see generally* Compl.), this Court applies the "purposeful availment" framework, which asks whether a defendant has "'deliberately engaged in significant activities within a State" such that it "has availed [it]self of the privilege of conducting business there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02416-DOC-ADSx                      Date: February 28, 2021

Page 5

In arguing that Defendants have purposefully availed themselves of the privilege of doing business in California, Plaintiff relies on the "stream of commerce plus" theory identified in *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). Opp'n. at 9-10. The *Asahi* Court held that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi*, 480 U.S. at 112, 107 S.Ct. 1026. However, the *Asahi* Court recognized that additional conduct such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State," could be sufficient. *Id.* Whether the "additional conduct" alleged is sufficient to constitute purposeful availment is a case-by-case analysis particular to each Defendant.

Plaintiff alleges that LGCAI established partnerships, contracts, advertising, and marketing to local retailers and consumers in California. Compl. ¶¶ 19-21. Furthermore, LGCAI has established an office in California and has hired California employees. *See* Kim Decl. ¶ 6. In response, LGCAI argues that all of this conduct is irrelevant to the purposeful availment inquiry, because it is not related to the specific issues in this suit, as required to establish specific jurisdiction. Mot. at 7-9 (relying on *Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014)).

As an initial matter, LGCAI's argument blurs the line between the first two prongs of the Ninth Circuit's specific jurisdiction test. LGCAI is correct that, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284, 134 S.Ct. 1115. However, the *Walden* court made this statement in reference to the overarching concept of "'minimum contacts' necessary to create specific jurisdiction." *Id.* at 283, 134 S.Ct. 1115. At no point did the *Walden* court suggest that the component parts of this standard— the "purposeful availment" and "arising under" prongs— should be collapsed into one inquiry. *See id.* at 284, 134 S.Ct. 1115 (analyzing "[t]wo related aspects of [the 3 minimum contacts] relationship," as distinct requirements). This Court considers each prong independently.

The relevant inquiry is whether LGCAI's conduct in California is enough to constitute purposeful availment. A defendant purposefully avails itself of the forum state when it takes action to "target" that specific state. *Rodoni v. Royal Outdoor Prod., Inc.*, 2019 WL 2300400, at *5 (D. Mont. May 30, 2019) (citing *Moseley v. Suzuki Motor of Am.*, Inc., 2018 WL 539330, at *2 (D. Idaho Jan. 24, 2018)); *see J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011) (finding that specific jurisdiction was lacking where "at no time had [the defendant] advertised in, sent goods to, or in any relevant sense targeted the State.") (emphasis added). In *Rodoni*, the court found that if "a national corporation with a national advertising presence . . . target[ed] or tailor[ed] its general advertising campaign to

Case 8:20-cv-02416-DOC-ADS Document 21 Filed 02/28/21 Page 6 of 8 Page ID #:234

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02416-DOC-ADSx                                   Date: February 28, 2021

Page 6

reach an audience within a certain state [it] thereby expos[ed] itself to jurisdiction." *Rodoni*, 2019 WL 2300400 at *5.

Plaintiff alleges that LGCAI advertises, markets, promotes, and seeks to develop further business with California businesses and California residents, and has established distributors in California. Compl. ¶ 18-21. This Court finds that these allegations of targeted conduct are sufficient to show purposeful availment by LGCAI. *See Asahi*, 480 U.S. at 112, 107 S.Ct. 1026 (finding that "advertising in the forum state" and "marketing the product through a distributor who has agreed to serve as the sales agent in the forum State" were both examples of conduct that might satisfy purposeful availment).

    **2.**     **Arising Under**

"In order for a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780, 198 L.Ed.2d 395 (2017) (quoting *Daimler*, 571 U.S. at 118, 134 S.Ct. 746) (alterations in original). In determining when a plaintiff's claims arise out of a defendant's forum-related conduct, the Ninth Circuit follows the "but for" test. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). In other words, Plaintiff "must show that he would not have suffered an injury 'but for' [Defendant]'s forum-related conduct." *Id.*

Plaintiff generally contends that LGCAI's activities in selling, marketing, and distributing its products in California are a but-for cause of his injury. Opp'n. at 16. In *Bristol-Myers Squibb*, a "group of plaintiffs— consisting of 86 California residents and 592 residents from 33 other States" sued a pharmaceutical manufacturer in California alleging that a certain drug had damaged their health. *Bristol-Myers Squibb*, 137 S. Ct. at 1778. The Supreme Court found personal jurisdiction lacking over the defendant with respect to the non-resident claims, because the non-residents purchased and ingested the drug elsewhere, and the defendant did not design or develop the drug in California. *Id.* at 1779. The Supreme Court explained that "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State" unless there is a connection between the defendant's activities and the "underlying controversy." *Id.* at 1781.

Plaintiff contends that LGCAI, in concert with its parent company, LG Chem, Ltd., pushed its 18650 lithium-ion batteries to California battery suppliers and distributors such as House of Batteries who in turn push these batteries to individual purchaser. Compl. ¶ 19. Plaintiff does not, however, connect these activities to the Battery he purchased. Cf. *Payrovi v. LG Chem Am., Inc.*, No. 5:20-CV-04144-EJD, 2020 WL 5798375, at *6 (N.D. Cal. Sept. 29, 2020) (finding that the plaintiff had established a probable connection between the defendant and the supplier who sold the battery-in-question to the plaintiff and therefore, granting the plaintiff's request for jurisdictional discovery).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02416-DOC-ADSx                                             Date: February 28, 2021

Page 7

Taking Plaintiff's allegations as true, it is possible that Plaintiff's injury would not have occurred but-for LGC America's marketing and distribution of the Battery to California battery suppliers. Although LGC America acknowledges that it currently subleases one rental property in California and currently has three employees who work and reside in California, Kim Decl. ¶¶ 4, 9, LGC America specifically denies that it ever "distributed, advertised, or sold any lithium-ion cell for use by individual consumers as standalone, removable, rechargeable batteries in electronic cigarette or vaping devices," *id.* ¶¶ 11-13. Thus, the parties dispute whether and to what extent LGC America marketed and advertised to, or did business with, California battery suppliers. Without more, the Court cannot hold that Plaintiff's injury arose out of LGCAI's contacts. *See Mavrix*, 647 F.3d at 1223 (only "uncontroverted allegations in the complaint must be taken as true."). Therefore, Plaintiff has failed to establish a prima facie case that LGCAI is subject to personal jurisdiction in this Court.

### A.     Jurisdictional Discovery

Plaintiff requests leave to conduct jurisdictional discovery as to Defendants. Opp'n. at 22-24. "A court may permit discovery to aid in determining whether it has personal jurisdiction." *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1093 (C.D. Cal. 2010) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). Jurisdictional discovery is discretionary, and "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). There are circumstances when jurisdictional discovery is unwarranted. For example, in *Bar Grp., LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 562 (S.D. Tex. 2017) the court denied jurisdictional discovery because plaintiff offered only "speculation as to jurisdiction" and was waging a "fishing expedition" into jurisdictional facts. In general, "a refusal to grant discovery to establish jurisdiction is not an abuse of discretion when 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.'" *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). However, jurisdictional discovery should be granted where "discovery on th[e] issue might well demonstrate facts sufficient to constitute a basis for jurisdiction," *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).

The facts underlying LGCAI's contacts with California are more seriously in dispute. On the one hand, LGC America denies that it ever "distributed, advertised, or sold any lithium-ion cell for use by individual consumers as standalone, removable, rechargeable batteries." On the other hand, Plaintiff argues that the Battery ended up on the shelves of Vape Society only because of LGC America's "aggressive marketing and distribution of its lithium-ion batteries in California." Opp. to LGC America 13; see Compl. ¶ 10H(iii). Plaintiff's request for jurisdictional discovery into Defendant LGC America is based upon his specific suspicion that "Vape Society Supply received its lithium-ion batteries for e-cig devices from House of Batteries and/or other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02416-DOC-ADSx               Date: February 28, 2021

Page 8

California battery-suppliers that specifically partner with [LGC America]" because of LGC America's targeted marketing campaign in California. Opp. to LGC America at 12.

If LGC America in fact targeted and advertised to California retailers similar to Vape Society, and Vape Society received its lithium-ion batteries from such suppliers, it would be reasonable to find that such conduct was a but-for cause of Plaintiff's injury. *See Rodoni v. Royal Outdoor Prod., Inc.*, 2019 WL 2300400, at *5 (D. Mont. May 30, 2019) (authorizing jurisdictional discovery to permit plaintiff to uncover facts related to Defendant's specific targeting of the forum state). Accordingly, this Court finds that jurisdictional discovery is warranted as to the extent and nature of LGCAI's advertising and marketing of 18650 lithium-ion batteries to California retailers such as Vape Society.

### IV.  Disposition

For the reasons set forth above, the Court GRANTS Plaintiff's request for jurisdictional discovery and DENIES LGCAI's Motion to Dismiss without prejudice to renew the motion after Plaintiff has had a full and fair opportunity to complete jurisdictional discovery consistent with this order.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                           Initials of Deputy Clerk: kd

CIVIL-GEN