**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TREVOR J. INGOLD, SB# 193227
  E-Mail: Trevor.Ingold@lewisbrisbois.com
WENDY S. DOWSE, SB# 261224
  E-Mail: Wendy.Dowse@lewisbrisbois.com
ALEX FARZAN, SB# 312771
  E-Mail: Alex.Farzan@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
LG CHEM AMERICA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ALVIN MACIAS, an individual,, <br><br> Plaintiff, <br><br> vs. <br><br> LG CHEM, LTD., a Korean corporation doing business in California; LG CHEM AMERICA, INC., a Delaware Corporation; SHENZHEN BRILLIPOWER TECHNOLOGY CO., LTD., a business organization, form unknown, doing business in California and DOES 1 through 100, Inclusive, <br><br> Defendants. | Case No. 8:20-cv-02416 DOC (ADSx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> The Honorable David O. Carter <br><br> Trial Date:       None Set |

## **CONFIDENTIALITY AND PROTECTIVE ORDER**

Plaintiff and LGCAI (hereinafter the "Parties")  agree that discovery in this matter may call for the production of materials containing confidential and

4830-3373-1295.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

proprietary business, research, development and/or other commercially or personally sensitive information and that the party producing such materials has a protected proprietary and property interest in those materials.

The Court, therefore, orders as follows:

## CONFIDENTIAL DISCOVERY MATERIALS

1.    Scope and Definitions.  The terms of this Order as set forth below shall apply to all documents produced in the course of discovery, all responses to discovery requests, all deposition testimony and deposition exhibits, and any other materials which may be subject to discovery (hereinafter collectively "Discovery Material").  In this Confidentiality and Protective Order, the words set forth below shall have the following meanings:

a.    "Confidential Discovery Material" means any document, testimony, or other material that has been designated CONFIDENTIAL according to the procedures outlined in Paragraph 2 below, including any deposition testimony for which the Party's time to designate has not yet expired as set forth in Paragraph 2.b. below, and where the document, testimony or other material has not lost its Confidential status pursuant to Paragraph 8.c. below.

b.    "Counsel of Record" means counsel of record for the Parties, their respective law firms, and affiliated attorneys, paralegals, clerical, secretarial and other support staff employed by such counsel.

c.    "Document" means any writing, original or duplicate, whether in hard copy or electronically maintained, that has been produced in this case.

d.    "Litigation" means the above-referenced action, Alvin Macias v. LG Chem, Ltd. et al., pending in the United States District Court, Central District of California, Case No. 8:20-cv-02416-DOC.

e.    "Party" or "Parties" means Plaintiff Alvin Macias and Defendant LG Chem America, Inc., including all of their officers, directors, owners, members, and employees.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-3373-1295.1

2

STIPULATED PROTECTIVE ORDER

1       2.     Form and Timing for Designation of Discovery Materials as

2   CONFIDENTIAL.

3           a.    Confidential Documents shall be so designated by placing or

4   affixing the word "CONFIDENTIAL" on the document in a manner which will not

5   interfere with the legibility of the document and which will permit complete

6   removal of the CONFIDENTIAL designation.  Documents shall be designated

7   CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure

8   of the documents.  The need to review and designate discovery materials as

9   CONFIDENTIAL shall not delay, modify, or abridge the time limits set forth in the

10  Federal Rules of Civil Procedure and Civil Local Rule 79-5 for the production of

11  such documents in response to properly served requests for discovery.

12          b.    Confidential Deposition Testimony.  Portions of depositions may

13  be designated as CONFIDENTIAL on the record when the deposition is taken, or by

14  written designation served within 30 days after receipt of the official transcript.

15  Such designation shall be specific as to the portions to be protected.  All deposition

16  testimony shall be treated as Confidential by all parties until 30 days after receipt of

17  the official transcript, in order to give each Party the opportunity to serve

18  Confidential designations.

19          c.    No waiver by inadvertent or unintentional disclosure of

20  Confidential Documents without Confidential designation.  Inadvertent or

21  unintentional production of documents without prior designation as

22  CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of the right to

23  designate documents as CONFIDENTIAL as otherwise allowed by this Order.  In

24  the event that any material that is subject to a CONFIDENTIAL designation is

25  inadvertently produced without such designation, the Party that inadvertently

26  produced the document shall give written notice of such inadvertent production

27  within twenty (20) days of discovery of the inadvertent production, together with a

28  further copy of the subject document designated as CONFIDENTIAL.  Upon receipt

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  of such notice, the Party that received the inadvertently produced document shall

2  promptly destroy the inadvertently produced document and all copies thereof, and

3  notify the producing Party in writing of such destruction within ten (10) days of

4  receipt of written notice of the inadvertent production.

5        3.      Discovery Materials Which May be Designated Confidential.

6        a.      Any Party may designate documents, testimony, or other

7  discovery material as CONFIDENTIAL but only after review of the documents or

8  testimony by an attorney who has, in good faith, determined that the documents

9  contain information protected from disclosure by statute, sensitive personal

10  information, trade secrets, or confidential research, development, or commercial

11  information.  The attorney who reviews the documents and designates them as

12  CONFIDENTIAL must be admitted to the Bar of at least one state but need not be

13  admitted to practice in the State of California, or the United States District Court,

14  Northern District of California, and need not apply for pro hac vice admission.

15        b.      For information produced in some form other than paper or

16  electronic image on which a CONFIDENTIAL stamp can be affixed as set forth in

17  Paragraph 2.a., and for any other tangible items, including, without limitation,

18  compact discs or DVDs, the designating Party must affix in a prominent place on

19  the exterior of the container or containers in which the information or item is stored

20  the term "CONFIDENTIAL."  If only portions of the information or item warrant

21  protection, the designating Party, to the extent practicable, shall identify the portions

22  designated CONFIDENTIAL.

23        c.      Information or documents which are available in the public

24  sector may not be designated as CONFIDENTIAL.

25        4.      Protection of Confidential Discovery Material.

26        a.      General Protections.  Material designated CONFIDENTIAL

27  under this Order shall not be used by the Parties or Counsel of Record for the parties

28  or any other third persons to whom such Discovery Material may be disclosed

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-3373-1295.1

1 pursuant to Paragraph 4.d. below, for any purposes whatsoever other than preparing

2 for and conducting the Litigation in which the documents were disclosed.

3        b.      Acknowledgment of Understanding and Agreement to Be

4 Bound.  The Parties, by and through their Counsel of Record, shall be required to

5 execute and file with the Court an Acknowledgment of Understanding and

6 Agreement to be Bound in the form set forth as Attachment A before disclosure of

7 Confidential Discovery Material may be made to such Party.

8        c.      Additional Parties Joining Lawsuit.  If additional parties join this

9 lawsuit, they must not be given access to any Confidential Discovery Material

10 unless and until they execute and file with the Court their Acknowledgment of

11 Understanding and Agreement to be Bound by this Order, in the form set forth as

12 Attachment "A".

13        d.      Limited Disclosure of Confidential Discovery Materials for

14 Purposes of the Litigation.  The Parties and Counsel of Record for the Parties shall

15 not disclose or permit the disclosure of any Confidential Discovery Material under

16 the terms of this Order to any other person or entity except as set forth herein below,

17 and then only after the person to whom disclosure is to be made has executed an

18 Acknowledgement of Understanding and Agreement to be Bound by the terms of

19 this Order (in the form set forth at Attachment "A" hereto), that he or she has read

20 and understands the terms of this Order and is bound by it.  For third parties to

21 whom disclosure may be made under subsections (1)-(6) below, the third party's

22 Acknowledgment form need not be filed with the Court or shared with other Parties,

23 but shall be maintained by Counsel of Record for the Party making the disclosure

24 for the duration of the Litigation.  Subject to these requirements, the following

25 categories of persons may be allowed to review documents which have been

26 designated CONFIDENTIAL pursuant to this Order:

27        (1)      interpreters retained by the Parties or their Counsel of

28 Record to assist in the preparation and trial of the Litigation ;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-3373-1295.1

5

STIPULATED PROTECTIVE ORDER

(2)     any deposition witness who has not previously had access to the Confidential Discovery Materials as a Party or officer, director, member, owner or employee of a Party;

(3)     outside consultants, investigators, or experts retained by the Parties or their Counsel of Record to assist in the preparation and trial of the Litigation;

(4)     commercial copy vendors, graphics, translation or design services vendors retained by the Parties or their Counsel of Record to assist in the preparation and trial of the Litigation;

(5)     mock jury participants retained by the Parties or their Counsel of Record to assist in the preparation and trial of the Litigation; and

(6)     other persons only upon prior written consent of the Party that produced the Confidential information to be disclosed.

In addition, limited disclosure may be made to court reporters, recorders and videographers engaged for depositions to the extent the deposition exhibits or testimony may include CONFIDENTIAL information. Such court reporters, recorders and videographers shall not be required to execute Attachment "A."

e.     Prohibition on Using or Sharing for Purposes of Other Litigation. The general protections herein and limitations on disclosure to third parties contained herein expressly preclude the Plaintiff or his Counsel of Record, absent approval from the Court as described below, from (1) sharing Confidential Discovery Materials produced in the Litigation with non-parties, including other counsel involved in other litigation with any defendant, and (2) using such Confidential Discovery Materials for purposes other than the Litigation.

f.     Control of Documents.  Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order.  Counsel of Record shall maintain a record of those persons, including employees of counsel, who have

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-3373-1295.1

6

STIPULATED PROTECTIVE ORDER

reviewed or been given access to the Confidential Discovery Material along with the originals of the Acknowledgement of Understanding and Agreement to be Bound forms signed by those persons acknowledging their obligations under this Order. Confidential Discovery Materials must be stored and maintained by the receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Parties receiving Confidential Discovery Material shall exercise the same care with regard to the storage, custody, or use of such Confidential Discovery Material as they would apply to their own material of the same or comparable confidentiality and sensitivity.

g.      Copies.  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as CONFIDENTIAL under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

5.      Confidential Information Subpoenaed in Other Litigation.  If a Party is served with a subpoena or order issued in other litigation that would compel disclosure of any Confidential Discovery Material produced in this Litigation, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.  The receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.  The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to protect its Confidential documents or other information in the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-3373-1295.1

7

STIPULATED PROTECTIVE ORDER

court from which the subpoena or order issued.  The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential documents or other information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while a receiving Party has Confidential Discovery Material in its possession, custody, or control.

6.   Filing of Confidential Materials.  In the event a Party seeks to file any material that is subject to protection under this Order with the Court in the Litigation, that Party shall take appropriate action to insure that the documents, deposition testimony and other information receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the Party who designated the information contained therein as CONFIDENTIAL; (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting any documents containing information designated CONFIDENTIAL solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in the Federal Rules of Civil Procedure, or such other rule or procedure as may apply.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the document to the Court shall first consult with counsel for the Party who designated the document CONFIDENTIAL to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on the underlying motion.  Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to the Federal Rules of Civil Procedure and Civil Local Rule 79-5.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-3373-1295.1

1      7.      Greater Protection of Specific Documents.  Nothing in this

2  Confidentiality and Protective Order shall be construed to preclude any Party from

3  asserting in good faith that certain Confidential Materials require additional

4  protection above what is provided for in this Order.  The Parties shall meet and

5  confer in an attempt to agree upon the terms of such additional protection before

6  seeking additional protection from the Court.

7      8.      Challenges to Designation as Confidential.  Any CONFIDENTIAL

8  designation is subject to challenge.  In order to ensure the Parties' ability to properly

9  review and challenge CONFIDENTIAL designations, the Parties shall produce all

10  documents in a legible format.   The following procedures shall apply to any such

11  challenge.

12      a.      The burden of proving the necessity of a CONFIDENTIAL

13  designation remains with the Party asserting confidentiality.

14      b.      A Party who contends that documents designated

15  CONFIDENTIAL are not entitled to confidential treatment shall give written notice

16  to the Party who affixed the designation of the specific basis for the challenge.  The

17  Party who so designated the documents shall have fifteen (15) days from service of

18  the written notice to determine if the dispute can be resolved without judicial

19  intervention and, if not, to move for an Order confirming the Confidential

20  designation.

21      c.      Notwithstanding any challenge to the designation of Discovery

22  Materials as Confidential, all material previously designated CONFIDENTIAL shall

23  continue to be treated as subject to the full protections of this Order until one of the

24  following occurs:

25      (1)      the Party who claims that the Discovery Materials are

26  Confidential withdraws such designation in writing; or

27      (2)      the Court rules that the documents should no longer be

28  designated as confidential information.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

d.      Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.      Inadvertent Disclosure of Privileged Materials.  If a Party discovers through any means that it has inadvertently produced documents or other information that is subject to a good faith claim of privilege, that Party may provide written notice to the receiving Party that the document or information was inadvertently produced.  This written notice shall be deemed to comply with that Party's obligation to take reasonable steps to rectify disclosure.  If a Party receives a notice of inadvertent production, or if documents reasonably appear to have been inadvertently produced, the receiving Party shall refrain from reading the document and promptly return to the producing Party the inadvertently produced document(s) or information (and all copies thereof) within its possession, custody, or control as to which the claim of inadvertent production has been made.  In addition, the receiving Party shall destroy all notes or work product reflecting the contents of such document(s) or information and shall not use such document(s), or the information contained therein, for any purpose in this proceeding or in any other proceeding.  To the extent there is a conflict of law regarding the receiving Party's obligation to return or destroy privileged documents, the law most favorable to the inadvertent producing Party shall apply.  If documents or other information subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, work-product doctrine, common-interest privilege, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege is inadvertently produced by a Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the document or information is privileged or otherwise protected from disclosure in this case or in any other state or federal proceeding; and the receiving Party may not argue that the Party producing the document or information failed to take reasonable steps to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

prevent production of the document or information in support of an argument that any privilege has been waived.  Nothing contained herein is intended or shall serve to limit a Party's right to conduct a review of documents for relevance, responsiveness, and/or segregation of privileged or protected information before production.

10.    Treatment of Confidential Discovery Material on Conclusion of Litigation.

a.    Order Remains in Effect.  All provisions of this Order restricting the use of Confidential Discovery Material shall continue to be binding after the conclusion of the Litigation unless otherwise stipulated and agreed in writing by all Parties, or as Ordered by the Court.

b.    Destruction or Return of Confidential Documents.  Within thirty (30) days after the conclusion of the Litigation, whether by judgment, settlement, or dismissal, including conclusion of any appeal, all Discovery Material designated as Confidential under this Order, including transcripts of deposition testimony and copies of documents as defined above (¶4.g.) shall be returned to the producing Party or destroyed, at the election of the receiving Party.  If electing to destroy the Confidential Discovery Material, the receiving Party shall notify the producing Party in writing within ten (10) days that the material has been destroyed.

11.    Order Subject to Modification.  This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

12.    No Judicial Determination.  This Order is entered for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as Confidential by counsel is subject to protection under the Federal Rules of Civil

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-3373-1295.1

11

STIPULATED PROTECTIVE ORDER

1  Procedure or Local Rules of the United States District Court, Northern District of

2  California, or otherwise until such time as a document-specific ruling shall have

3  been made.

4        13.     Persons Bound.  This Order shall take effect when entered and shall be

5  binding upon all Parties, their Counsel of Record, and any other Person to whom

6  Confidential Discovery Materials may be disclosed pursuant to Paragraph 4 above.

7  **NO WAIVER OF LG CHEM AMERICA, INC.'S MOTION TO DISMISS**

8  **PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

9        This Order shall not and does not waive LGCAI's motion to dismiss

10  Plaintiff's complaint for lack of personal jurisdiction, or LGCAI's right to challenge

11  personal jurisdiction herein.

12

13  DATED:  March 10, 2021          TREVOR J. INGOLD

14                                     WENDY S. DOWSE

15                                     ALEX FARZAN

                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

16

17

18                          By: _____

19                                ALEX FARZAN

20                                Attorneys for Defendant  LG CHEM

                              AMERICA, INC.

21

22  DATED:  March ___, 2021        VICTOR OTTEN

23                                     KAVITA TEKCHANDANI

24                                     OTTEN LAW, PC

25

26                          By: _____

27                                Kavita Tekchandani

28                                Attorneys for Plaintiff ALVIN MACIAS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Procedure or Local Rules of the United States District Court, Northern District of

2  California, or otherwise until such time as a document-specific ruling shall have

3  been made.

4      13.    Persons Bound.  This Order shall take effect when entered and shall be

5  binding upon all Parties, their Counsel of Record, and any other Person to whom

6  Confidential Discovery Materials may be disclosed pursuant to Paragraph 4 above.

7  **<u>NO WAIVER OF LG CHEM AMERICA, INC.'S MOTION TO DISMISS</u>**

8  **<u>PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION</u>**

9      This Order shall not and does not waive LGCAI's motion to dismiss

10  Plaintiff's complaint for lack of personal jurisdiction, or LGCAI's right to challenge

11  personal jurisdiction herein.

12

13  DATED:  March ___, 2021          TREVOR J. INGOLD

14                                   WENDY S. DOWSE
                                     ALEX FARZAN
15                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

16

17

18                                   By: _____

19                                       ALEX FARZAN
                                         Attorneys for Defendant  LG CHEM
20                                       AMERICA, INC.

21

22  DATED:  March 9 , 2021           VICTOR OTTEN

23                                   KAVITA TEKCHANDANI
                                     OTTEN LAW, PC
24

25

26                                   By: _____

27                                       Kavita Tekchandani
                                         Attorneys for Plaintiff ALVIN MACIAS
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-3373-1295.1

STIPULATED PROTECTIVE ORDER

1
2
3      PURSUANT TO STIPULATION, IT IS SO ORDERED.
4
       DATED:    March 11, 2021          ____/s/ Autumn D. Spaeth_____
5                                        United States Magistrate Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ATTACHMENT "A"

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____    _____

Signature



1

## CERTIFICATE OF SERVICE

2          I hereby certify that on this 10th day of March, 2021, I electronically filed the

3   foregoing **STIPULATED PROTECTIVE ORDER** with the Clerk of the Court

4   using the CM/ECF system which will send notification of such filing to the

5   following:

6   Victor Otten, Esq.                              *Attorneys for Plaintiff ALVIN MACIAS*
    Kavita Tekchandani, Esq.
7   OTTEN LAW, PC                                   T:  (310) 378-8533
    5857 Pine Avenue, Suite B                       F:  (310) 347-4225
8   Chino Hills, CA 91709                           Email:  vic@ottenlawpc.com
                                                    Email:  kavita@ottenlawpc.com
9

10         I also certify the document and a copy of the Notice of Electronic Filing was

11  served via  on the following non-CM/ECF participants:

12

13

14                                          _____

15                                          Trevor J. Ingold
                                            Attorneys for Defendant  LG CHEM
16                                          AMERICA, INC.

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-3373-1295.1

STIPULATED PROTECTIVE ORDER